UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-21657

ERNESTO E. PRIETO,

    Plaintiff,

vs.

GRS MANAGEMENT ASSOCIATES, INC.,

    Defendant.
_____/

## COMPLAINT FOR UNPAID OVERTIME WAGES

Plaintiff, Ernesto E. Prieto, sues Defendant, GRS Management Associates, Inc., for unpaid/underpaid overtime wages, liquidated damages, attorneys' fees and costs, pursuant to 29 U.S.C. §201, *et seq.*, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Ernesto E. Prieto**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendant who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendant. Plaintiff consents to participate in this lawsuit. [DE 1-1.]

2.     **Defendant, GRS Management Associates, Inc.**, is a Florida for-profit corporation that conducts its for-profit cleaning business in Florida, and it is *sui juris*. It maintains an office and conducts its property management business here, in this District.

3.     Defendant was Plaintiff's employer, as that term "employer" is defined by 29 U.S.C. §203 (d).

1

4. This Court has jurisdiction over Plaintiff's FLSA claim.

5. Venue is proper in this Court pursuant because Defendant transacts business in District, maintains a business office in this District, and also because Defendant employed Plaintiff in this District, with most of the actions complained of occurring within Miami-Dade County.

### *Common Background Factual Allegations*

6. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

7. Defendant has been, at all times material, an enterprise engaged in interstate commerce in the course of its provision of property management services for communities ranging from 10 to 1800 homes, as well as condominiums, while using machinery, appliances, telephones, computers, computer networking equipment, computer software, pens, paper, vehicles, light bulbs, goods and materials that also have moved through interstate commerce.

8. Furthermore, Defendant obtains, solicits, exchanges and sends funds to and from outside of the State of Florida, uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of its business.

9. Defendant not only advertises, but conducts business through its website, www.grsmgt.com, which domain they purchased through GoDaddy.com, LLC, a foreign corporation, using foreign payment processing and document management services.

2

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

10. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

11. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

12. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while she worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of regularly utilizing chemicals, lubricants, light bulbs, pipes, fittings, filters, sprays, equipment, telephone lines, materials and supplies that also traveled through interstate commerce prior to his use of same.

13. Plaintiff worked for Defendant from April 3, 2012 to April 25, 2016 while performing non-exempt tasks – in particular as a maintenance engineer – at the Bal Harbour Plaza condominium.

14. Defendant paid Plaintiff at the rate of $16.50 per hour for each documented hour worked until February 28, 2015, at which time Defendant began to pay Plaintiff at the rate of $17.50 for each documented hour worked.[1]

15. Plaintiff routinely worked over 40 hours per week for Defendant, but Defendant failed to pay him for all overtime worked as a result of its practice of improperly rounding all time down, failing to account for all time worked and/or deducting hours worked, averaging the time worked between two workweeks, and/or failing to properly compensate Plaintiff for all on-call time actually worked.

---

[1] Plaintiff suffered a work injury on March 24, 2015 and ceased actively working as of March 30, 2015, after which time he treated for his injuries until being released back to work on April 25, 2016 (after which Defendant advised Plaintiff that it had no employment for Plaintiff).

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

16. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

17. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

18. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular hourly rate for all hours worked over 40 hours in a given workweek.

19. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours worked during the relevant time period.

20. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff overtime wages for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff believe that Defendant was not required to pay an overtime wage, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay earned.

21. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff Ernesto E. Prieto, demands the entry of a judgment in her favor and against Defendant, GRS Management Associates, Inc., after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages for all overtime work he performed for the Defendant within the past three years as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

c. That the Defendant be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

d. All interest allowed by law; and

e. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 10th day of May, 2016.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
8603 S. Dixie Highway
Suite 408
Miami, FL 33143
Tel:305.230.4884
Fax:305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

5

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com